Michael Faillace [MF-8436]
Michael Faillace & Associates, P.C.
60 East 42nd Street, Suite 2540
New York, New York 10165
(212) 317-1200
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------X

LUIS FERNANDO QUINTERO, *individually and on behalf of others similarly situated,*

     *Plaintiff,*

    -against-

ANJUDIROMI CONSTRUCTION CORP. (d/b/a ANJUDIROMI CONSTRUCTION CORP.), 1221-1225 REALTY LLC. (d/b/a 1221-1225 REALTY LLC), 2000 LLC (d/b/a 2000 LLC), DIEGO RAMIREZ, JOHN DOE 1, and JOHN DOE 2
     *Defendants.*

---------------------------------------------------------------X

       **COMPLAINT**

       **COLLECTIVE ACTION**
       **UNDER 29 U.S.C. § 216(b)**

       **ECF Case**

   Plaintiff Luis Fernando Quintero ("Plaintiff Quintero" or "Mr. Quintero"), individually and on behalf of others similarly situated, by and through his attorneys, Michael Faillace & Associates, P.C., and as against each of Defendants Anjudiromi Construction Corp. (d/b/a Anjudiromi Construction Corp.), 1221-1225 Realty LLC (d/b/a 1221-1225 Realty LLC), and 2000 LLC (d/b/a 2000 LLC ), ("Defendant Corporations"), Diego Ramirez, John Doe 1, and John Doe 2 (collectively, "Defendants"), alleges, upon information and belief, as follows:

**NATURE OF ACTION**

1

1.       Plaintiff Quintero was an employee of Anjudiromi Construction Corp., 1221-1225 Realty LLC, and 2000 LLC, ("Defendant Corporations"), Diego Ramirez, John Doe 1, and John Doe 2.

2.       Anjudiromi Construction Corp., 1221-1225 Realty LLC, and 2000 LLC is a complex of four residential buildings owned by Diego Ramirez, John Doe 1, and John Doe 2 located at 2000 Prospect Avenue, Bronx, New York 10457.

3.       Upon information and belief, Defendants Diego Ramirez, John Doe 1, and John Doe 2 serve or served as owners, managers, principals or agents of Defendant Corporations and through these corporate entities operate or operated the four residential buildings as a joint or unified enterprise.

4.       Plaintiff Quintero was an employee of Defendants.

5.       Plaintiff Quintero worked long days as a handyman and porter at the residential buildings, located at 2000 Prospect Avenue, Bronx, NY 10457.

6.       Plaintiff Quintero regularly worked for Defendants in excess of 40 hours per week, without appropriate minimum wage and /or overtime compensation for any of the hours that he worked each week.

7.       Rather, Defendants failed to maintain accurate recordkeeping of his hours worked, failed to pay Plaintiff Quintero the applicable minimum wage, and failed to pay him appropriately for any hours worked over 40, either at the straight rate of pay or for any additional overtime premium.

8.      Further, Defendants failed to pay Plaintiff Quintero (and similarly situated employees) the required "spread of hours" pay for any day in which they had to work over 10 hours per day.

9.      Defendants' conduct extended beyond Plaintiff Quintero to all other similarly situated employees.

10.     At all times relevant to this complaint, Defendants maintained a policy and practice of requiring Plaintiff Quintero and other employees to work in excess of forty (40) hours per week without providing the minimum wage and overtime compensation required by federal and state law and regulations.

11.     Plaintiff Quintero now brings this action on behalf of himself, and other similarly situated individuals, for unpaid minimum and overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA"), for violations of the N.Y. Lab. Law §§ 190 *et seq.* and 650 *et seq.* (the "NYLL"), and violations of the "spread of hours" order of the New York Commission of Labor codified at N.Y. COMP. CODES R. & REGS. tit. 12, § 146-1.6 (herein the "Spread of Hours Wage Order"), including applicable liquidated damages, interest, attorneys' fees, and costs.

12.     Plaintiff Quintero seeks certification of this action as a collective action on behalf of himself, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

13.     This Court has subject matter jurisdiction pursuant to 29 U.S.C. § 216(b) (FLSA), 28 U.S.C. § 1337 (interstate commerce) and 28 U.S.C. § 1331 (federal question). Supplemental jurisdiction over Plaintiff Quintero's state law claims is conferred by 28 U.S.C. § 1367(a).

14.     Venue is proper in this District under 28 U.S.C. § 391(b) and (c) because all or a substantial part of the events or omissions giving rise to the claims occurred in this district, Defendants operate his business in this district, and Plaintiff Quintero  was employed by Defendants in this district.

## **PARTIES**

*Plaintiff*

15.     Plaintiff Luis Fernando Quintero ("Plaintiff Quintero" or "Mr. Quintero") is an adult individual residing in New York County, New York.

16.      Plaintiff Quintero was employed by Defendants from approximately July 2014 until on or about May 25, 2016.

17.     At all relevant times to this complaint, Plaintiff Quintero was employed by Defendants as a handyman and porter at Anjudiromi Construction Corp., 1221-1225 Realty LLC, and 2000 LLC located at 2000 Prospect Avenue, Bronx, New York 10457.

18.     Plaintiff Quintero consents to being party plaintiff pursuant to 29 U.S.C. § 216(b), and brings these claims based upon the allegations herein as a representative party of a prospective class of similarly situated individuals under 29 U.S.C. § 216(b).

*Defendants*

19.     Defendants own, operate and/or control a complex of four residential buildings located at 2000 Prospect Avenue, Bronx, New York 10457 under the name of Anjudiromi Construction Corp., 1221-1225 Realty LLC, and 2000 LLC at all times relevant to this complaint.

20.     Upon information and belief, Defendant Anjudiromi Construction Corp. ("Defendant Corporation") is a corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 1183 Gerard Ave, Apt H, Bronx, New York, 10452.

21.     Upon information and belief, Defendant 1221-1225 Realty LLC. ("Defendant Corporation") is a corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 2000 Prospect Avenue, Bronx, New York 10457.

22.     Upon information and belief, Defendant 2000 LLC. ("Defendant Corporation") is a corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 2000 Prospect Avenue, Bronx, New York 10457.

23.     Defendant Diego Ramirez is an individual engaging (or who was engaged) in business within this judicial district during the relevant time period.

24.     Defendant Diego Ramirez is sued individually in his capacity as an owner, officer and/or agent of Defendant Corporations.

25.     Defendant Diego Ramirez possesses or possessed operational control over Defendant Corporations, an ownership interest in Defendant Corporations, or controlled significant functions of Defendant Corporations.

26.     Defendant Diego Ramirez determined the wages and compensation of employees, including Plaintiff Quintero, established the schedules of employees, maintained employee records, and had the authority to hire and fire employees.

27.     Defendant John Doe 1 is an individual engaging (or who was engaged) in business within this judicial district during the relevant time period.

28.     Defendant John Doe 1 is sued individually in his capacity as an owner, officer and/or agent of Defendant Corporations.

29.     Defendant John Doe 1 possesses or possessed operational control over Defendant Corporations, an ownership interest in Defendant Corporations, or controlled significant functions of Defendant Corporations.

30.     Defendant John Doe 1 determined the wages and compensation of employees, including Plaintiff Quintero, established the schedules of employees, maintained employee records, and had the authority to hire and fire employees.

31.     Defendant John Doe 2 is an individual engaging (or who was engaged) in business within this judicial district during the relevant time period.

32.     Defendant John Doe 2 is sued individually in his capacity as an owner, officer and/or agent of Defendant Corporations.

33.     Defendant John Doe 2 possesses or possessed operational control over Defendant Corporations, an ownership interest in Defendant Corporations, or controlled significant functions of Defendant Corporations.

34.     Defendant John Doe 2 determined the wages and compensation of employees, including Plaintiff Quintero, established the schedules of employees, maintained employee records, and had the authority to hire and fire employees.

*Defendants Constitute Joint Employers*

35.     Defendants own, operate and/or control a complex of four residential buildings located at 2000 Prospect Avenue, New York, New York 10457.

36.      Individual Defendants Diego Ramirez, John Doe 1, and John Doe 2 possess operational control over Defendant Corporations, possess an ownership interest in Defendant Corporations, and control significant functions of Defendant Corporations.

37.     Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

38.     Each Defendant possessed substantial control over Plaintiff Quintero's (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff Quintero, and all similarly situated individuals, referred to herein.

7

39.     Defendants jointly employed Plaintiff Quintero, and all similarly situated individuals, and are Plaintiff Quintero's  (and all similarly situated individuals') employers within the meaning of 29 U.S.C. 201 *et seq*. and the NYLL.

40.     In the alternative, Defendants constitute a single employer of Plaintiff Quintero and/or similarly situated individuals.

41.     Upon information and belief, Individual Defendants Diego Ramirez, John Doe 1, and John Doe 2 operate Defendant Corporations as either alter egos of themselves, and/or fail to operate Defendant Corporations as entities legally separate and apart from themselves, by, among other things:

(a)     failing to adhere to the corporate formalities necessary to operate Defendant Corporations as  separate and legally distinct entities;

(b)     defectively forming or maintaining Defendant Corporations, by among other things failing to hold annual meetings or maintaining appropriate corporate records;

(c)     transferring assets and debts freely as between all Defendants;

(d)     operating Defendant Corporations for their own benefit as the sole or majority shareholders;

(e)     operating Defendant Corporations for their own benefit and maintaining control over these corporations as  closed corporations or closely controlled entities;

(f)     intermingling assets and debts of their own with Defendant Corporations;

(g)     diminishing and/or transferring assets of Defendant Corporations to protect their own interests; and

(h)     other actions evincing a failure to adhere to the corporate form.

42.     At all relevant times, Defendants were Plaintiff Quintero's employers within the meaning of the FLSA and NYLL.

43.     Defendants had the power to hire and fire Plaintiff Quintero, control the terms and conditions of employment, and determine the rate and method of any compensation in exchange for Plaintiff Quintero's services.

44.     In each year from 2014 to 2016, Defendants, both individually and jointly, had gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

45.     In addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce. For example, numerous items that were used in the maintenance and cleaning of the four residential buildings on a daily basis were produced outside of the State of New York.

*Individual Plaintiff*

46.     Plaintiff Quintero is a former employee of Defendants, who was employed as a handyman and porter.

47.     Plaintiff Quintero seeks to represent a class of similarly situated individuals under 29 U.S.C. § 216(b).

*Plaintiff Luis Fernando Quintero*

48.     Plaintiff Quintero was employed by Defendants from approximately July 2014 until on or about May 25, 2016.

49.     At all relevant times, Plaintiff Quintero was employed by Defendants to work as a handyman and porter.

50.     Plaintiff Quintero regularly handled goods in interstate commerce, such as cleaning supplies, and garbage bags which were necessary to perform his duties as a handyman and porter.

51.     Plaintiff Quintero's work duties required neither discretion nor independent judgment.

52.     Throughout his employment with Defendants, Plaintiff Quintero regularly worked in excess of 40 hours per week.

53.     From approximately July 2014 until on or about May 25, 2016, Plaintiff Quintero worked from approximately 7:00 a.m. until on or about 6:00 p.m. Mondays through Fridays and from approximately 7:00 a.m. until on or about 9:00 a.m. and from approximately 4:00 p.m. until on or about 7:00 p.m. on Saturdays and Sundays (typically 65 hours per week).

54.     From approximately July 2014 until on or about October 2014, Defendants paid Plaintiff Quintero his wages in cash.

55.     From approximately October 2014 until on or about May 25, 2016, Defendants paid Plaintiff Quintero his wages by check.

56.     From approximately July 2014 until on or about December 2015, Defendants paid Plaintiff Quintero a fixed salary of $450 per week.

57.     From approximately January 2016 until on or about May 25, 2016, Defendants paid Plaintiff Quintero a fixed salary of $460 per week.

58.     Plaintiff Quintero's wages did not vary regardless of how many additional hours he worked in a day or week.

59.     Specifically, Defendants required Plaintiff Quintero to work approximately two to three hours past his scheduled departure time four times per week and did not pay him any additional compensation for the additional time he worked.

60.     Plaintiff Quintero was not required to keep track of his time, nor to his knowledge, did the Defendants utilize any time tracking device, such as sign in sheets or punch cards, that accurately reflected his actual hours worked.

61.     Defendants did not provide Plaintiff Quintero with any document or other statement accounting for his actual hours worked, or setting forth the rate of pay for all of his hours worked.

62.     No notification, either in the form of posted notices, or other means, was ever given to Plaintiff Quintero regarding wages as required under the FLSA and NYLL.

63.     Defendants did not provide Plaintiff Quintero with each payment of wages an accurate statement of wages, as required by NYLL 195(3).

64.     Defendants did not give any notice to Plaintiff Quintero, in English and in Spanish (Plaintiff Quintero's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

65.     Defendants required Plaintiff Quintero  to purchase "tools of the trade" with his own funds—including 2 pairs  of winter boots, 16 pairs of pants, 2 pairs of regular boots, and 30 shirts.

*Defendants' General Employment Practices*

66.     Defendants regularly required Plaintiff Quintero to work in excess of forty (40) hours per week without paying him the minimum wage spread of hours pay or any overtime compensation.

67.     At all times relevant to this complaint, Defendants maintained a policy and practice of requiring Plaintiff Quintero and all similarly situated employees to work in excess of forty (40) hours per week without paying them appropriate minimum wage, overtime compensation, and spread of hours pay, as required by federal and state laws.

68.     Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the Fair Labor Standards Act and New York Labor Law by failing to maintain accurate and complete timesheets and payroll records.

69.     Defendants paid Plaintiff Quintero his wages in cash for three months.

70.     Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiff Quintero (and similarly situated individuals) worked, and to avoid paying Plaintiff Quintero  properly for (1) his full hours worked,(2) his spread of hours pay and (3) his overtime compensation.

71.     Defendants failed to post at the workplace, or otherwise provide to employees, the required postings or notices to employees regarding the applicable wage and hour requirements of the FLSA and NYLL. Defendants failed to provide Plaintiff Quintero and other employees with accurate wage statements at the time of payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day,

week,  salary, piece, commission, or other;  gross wages; deductions;  allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked, as required by NYLL §195(3).

72.    Defendants failed to provide Plaintiff Quintero  and other employees with wage statements at the time of each payment of wages containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

73.    Defendants failed to provide Plaintiff Quintero and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the  employer; any "doing business as"  names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

**FLSA COLLECTIVE ACTION CLAIMS**

74.     Plaintiff Quintero brings his FLSA minimum wage, overtime, and liquidated

damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on

behalf of all similarly situated persons who are or were employed by Defendants, or any of them,

on or after the date that is three years before the filing of the complaint in this case (the "FLSA

Class Period"), as employees of Anjudiromi Construction Corp., 1221-1225 Realty LLC, and

2000 LLC (the "FLSA Class").

75.     At all relevant times, Plaintiff Quintero and other members of the FLSA Class

who are and/or have been similarly situated, have had substantially similar job requirements and

pay provisions, and have been subject to Defendants' common practices, policies, programs,

procedures, protocols and plans of willfully failing and refusing to pay them the required

minimum wage, overtime pay at a one and one-half his regular rates for work in excess of forty

(40) hours per workweek under the FLSA, and willfully failing to keep records required by the

FLSA.

76.     The claims of the Plaintiff stated herein are similar to those of the other

employees.

**FIRST CAUSE OF ACTION**
**VIOLATION OF THE FLSA MINIMUM WAGE PROVISIONS**

77.     Plaintiff Quintero repeats and realleges all paragraphs above as though fully set

forth herein.

78.     At all times relevant to this action, Defendants were Plaintiff Quintero's

employers (and employers of the putative FLSA Class members) within the meaning of the Fair

Labor Standards Act, 29 U.S.C. § 203(d).  Defendants had the power to hire and fire Plaintiff

Quintero (and the FLSA class members), controlled the terms and conditions of employment,

and determined the rate and method of any compensation in exchange for his employment.

79.     At all times relevant to this action, Defendants were engaged in commerce or in

an industry or activity affecting commerce.

80.     Defendants constitute an enterprise within the meaning of the Fair Labor

Standards Act, 29 U.S.C. § 203 (r-s).

81.     Defendants failed to pay Plaintiff Quintero (and the FLSA Class members) at the

applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

82.     Defendants' failure to pay Plaintiff Quintero (and the FLSA Class members) at

the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

83.     Plaintiff Quintero (and the FLSA Class members) were damaged in an amount to

be determined at trial.

## SECOND CAUSE OF ACTION
### VIOLATION OF THE FLSA OVERTIME PROVISIONS

84.     Plaintiff Quintero repeats and realleges all paragraphs above as though fully set

forth herein.

85.     At all times relevant to this action, Defendants were Plaintiff Quintero's

employers (and employers of the putative FLSA Class members) within the meaning of the Fair

Labor Standards Act, 29 U.S.C. § 203(d). Defendants had the power to hire and fire Plaintiff

Quintero (and the FLSA class members), controlled the terms and conditions of employment,

and determined the rate and method of any compensation in exchange for his employment.

15

86.     At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

87.     Defendants constituted an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

88.     Defendants, in violation of 29 U.S.C. § 207 (a)(1) of the FLSA, failed to pay Plaintiff Quintero (and the FLSA Class members) overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek.

89.     Defendants' failure to pay Plaintiff Quintero (and the FLSA Class members) overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

90.     Plaintiff Quintero (and the FLSA Class members) were damaged in an amount to be determined at trial.

### THIRD CAUSE OF ACTION
### VIOLATION OF THE NEW YORK MINIMUM WAGE RATE

91.     Plaintiff Quintero repeats and realleges all paragraphs above as though fully set forth herein.

92.     At all times relevant to this action, Defendants were Plaintiff Quintero's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651.  Defendants had the power to hire and fire Plaintiff Quintero (and the FLSA Class members), controlled terms and conditions of employment, and determined the rates and methods of any compensation in exchange for employment.

93.     Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, paid Plaintiff Quintero (and the FLSA Class members) less than the minimum wage.

94.     Defendants' failure to pay Plaintiff Quintero (and the FLSA Class members) minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

95.     Plaintiff Quintero (and the FLSA Class Members) were damaged in an amount to be determined at trial.

### FOURTH CAUSE OF ACTION
### VIOLATION OF THE NEW YORK STATE
### LABOR LAW'S OVERTIME PROVISIONS

96.     Plaintiff Quintero repeats and realleges all paragraphs above as though fully set forth herein.

97.     Defendants, in violation of N.Y. Lab. Law § 190 *et seq.* and supporting regulations of the New York State Department of Labor, failed to pay Plaintiff Quintero (and the FLSA Class members) overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek.

98.     Defendants failed to pay Plaintiff Quintero (and the FLSA Class members) in a timely fashion, as required by Article 6 of the New York Labor Law.

99.     Defendants' failure to pay Plaintiff Quintero (and the FLSA Class members) overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

100.     Plaintiff Quintero (and the FLSA Class Members) were damaged in an amount to be determined at trial.

**FIFTH CAUSE OF ACTION**
**VIOLATION OF THE SPREAD OF HOURS WAGE ORDER**
**OF THE NEW YORK COMMISSIONER OF LABOR**

101.    Plaintiff Quintero repeats and re-alleges all paragraphs above as though fully set forth herein.

102.    Defendants failed to pay Plaintiff Quintero (and the FLSA Class members) one additional hour's pay at the basic minimum wage rate before allowances for each day Plaintiff Quintero's spread of hours exceeded ten hours in violation of New York Lab.  Law §§ 190 *et seq.*, and 650 *et seq.*, and the wage order of the New York Commissioner of Labor codified at N.Y.  COMP.  CODES R.  & REGS.  Tit.  12, § 146-1.6.

103.    Defendants' failure to pay Plaintiff Quintero (and the FLSA Class members) an additional hour's pay for each day Plaintiff Quintero's  (and the FLSA Class members) spread of hours exceeded ten hours was willful within the meaning of New York Lab. Law § 663.

104.    Plaintiff Quintero (and the FLSA Class members) were damaged in an amount to be determined at trial.

**SIXTH CAUSE OF ACTION**
**VIOLATION OF THE NOTICE AND RECORDKEEPING**
**REQUIREMENTS OF THE NEW YORK LABOR LAW**

105.    Plaintiff Quintero repeats and realleges all paragraphs above as though fully set forth herein.

106.    Defendants failed to provide Plaintiff Quintero with a written notice, in English and in Spanish (Plaintiff Quintero's  primary language), of his rate of pay, regular pay day, and such other information as required by NYLL §195(1).

107.    Defendants are liable to Plaintiff Quintero in the amount of $5,000, together with costs and attorney's fees.

**SEVENTH CAUSE OF ACTION**
**VIOLATION OF THE WAGE STATEMENT PROVISIONS**
**OF THE NEW YORK LABOR LAW**

108.    Plaintiff Quintero repeats and realleges all paragraphs above as though set forth fully herein.

109.    Defendants did not provide Plaintiff Quintero with a statement of wages with each payment of wages, as required by NYLL 195(3).

110.    Defendants are liable to Plaintiff Quintero in the amount of $5,000, together with costs and attorney's fees.

**EIGHTH CAUSE OF ACTION**
**(RECOVERY OF EQUIPMENT COSTS)**

111.    Plaintiff Quintero repeats and re-alleges all paragraphs above as though set forth fully herein.

112.    Defendants required Plaintiff Quintero to pay, without reimbursement, the costs and expenses for purchasing and maintaining equipment and "tools of the trade" required to perform his job, such as winter boots, further reducing his wages in violation of the FLSA and NYLL. 29 U.S.C. § 206(a); 29 C.F.R § 531.35; N.Y. Lab. Law §§ 193 and 198-b.

113.    Plaintiff Quintero was damaged in an amount to be determined at trial.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Quintero respectfully requests that this Court enter judgment against Defendants by:

(a)      Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members, apprising them of the pendency of this action, and permitting them promptly to file consents to be Plaintiff's in the FLSA claims in this action;

(b)      Declaring that Defendants violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Quintero and the FLSA class members;

(c)      Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Quintero and the FLSA class members;

(d)      Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiff Quintero's, and the FLSA class members', compensation, hours, wages, and any deductions or credits taken against wages;

(e)      Declaring that Defendants' violation of the provisions of the FLSA were willful as to Plaintiff Quintero and the FLSA class members;

(f)      Awarding Plaintiff Quintero and the FLSA class members damages for the amount of unpaid minimum and overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA, as applicable;

(g)      Awarding Plaintiff Quintero and the FLSA class members liquidated damages in an amount equal to 100% of his damages for the amount of unpaid minimum and overtime

wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(h)     Declaring that Defendants violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Quintero and the members of the FLSA Class;

(i)     Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Quintero and the members of the FLSA Class;

(j)     Declaring that Defendants violated the Spread of Hours Wage Order of the New York Commission of Labor as to Plaintiff Quintero and the members of the FLSA Class;

(k)     Declaring that Defendants violated the timely payment provisions of the NYLL as to Plaintiff Quintero and the members of the FLSA Class;

(l)     Declaring that Defendants violated the notice, recordkeeping, and wage statement requirements of the NYLL with respect to Plaintiff Quintero's, and the FLSA Class members', compensation, hours, wages; and any deductions or credits taken against wages;

(m)     Declaring that Defendants violated the recordkeeping requirements of the NYLL with respect to Plaintiff Quintero's, and the FLSA Class members', compensation, hours, wages; and any deductions or credits taken against wages;

(n)     Declaring that Defendants' violations of the New York Labor Law were willful as to Plaintiff Quintero and the FLSA Class members;

(o)     Awarding Plaintiff Quintero and the FLSA class members damages for the amount of unpaid minimum and overtime wages, damages for any improper deductions or

credits taken against wages as well as awarding spread of hours pay under the NYLL as applicable;

(p)     Awarding Plaintiff Quintero damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(q)     Awarding Plaintiff Quintero and the FLSA class members liquidated damages in an amount equal to one hundred percent (100%) of the minimum wage, spread of hours pay and overtime compensation shown to be owed pursuant to NYLL § 663 as applicable;

(r)     Awarding Plaintiff Quintero and the FLSA class members pre-judgment and post-judgment interest as applicable;

(s)      Awarding Plaintiff Quintero and the FLSA class members the expenses incurred in this action, including costs and attorney's fees;

(t)     Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(u)     All such other and further relief as the Court deems just and proper.

JURY DEMAND

Plaintiff Quintero demands a trial by jury on all issues triable by a jury.

Dated: New York, New York
          November 11, 2016

MICHAEL FAILLACE & ASSOCIATES, P.C.

_____ /s/ Michael Faillace_____

By:    Michael A. Faillace [MF-8436]
       60 East 42nd Street, Suite 2540
       New York, New York 10165
       (212) 317-1200
       *Attorneys for Plaintiff*

# Michael Faillace & Associates, P.C.

### Employment and Litigation Attorneys

60 E 42nd Street, Suite 2540
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

_____

Faillace@employmentcompliance.com

September 20, 2016

BY HAND

TO:   Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                          **Luis Fernando Quintero**

Legal Representative / Abogado:     Michael Faillace & Associates, P.C.

Signature / Firma:

Date / Fecha:                               20 de septiembre de 2016