UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------X
LUIS FERNANDO QUINTERO, individually
and on behalf of others similarly
situated,

                Plaintiff,          16 Civ. 8781 (RWS)

    -against-                    OPINION

ANJUDIROMI CONSTRUCTION CORP.
(d/b/a ANJUDIROMI CONSTRUCTION CORP.),
1221-122 REALTY LLC (d/b/a 2000 LLC),
DIEGO RAMIREZ, JOHN DOE 1, and JOHN
DOE 2,

               Defendants.
-------------------------------------X

A P P E A R A N C E S:


      Attorneys for Plaintiff

      MICHAEL FAILLACE & ASSOCIATES, P.C.
      60 East 42nd Street, Suite 4510
      New York, New York 10165
      By:  Joshua S. Androphy, Esq.



      Attorneys for Defendants Diego Ramirez
      and Anjudiromi Construction Corp.

      PAULOSE & ASSOCIATES PLLC
      5676 Riverdale Avenue, Suite 314
      Bronx, New York 10471
      By:  Jasmine E. Guadalupe, Esq.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 2/21/18

**Sweet, D.J.**

Defendants Diego Ramirez ("Ramirez") and Anjudiromi Construction Corporation ("Anjudiromi Construction") (collectively, the "Defendants") have moved pursuant to Federal Rule of Civil Procedure 56 for summary judgment against Plaintiff Luis Fernando Quintero ("Quintero" or the "Plaintiff"), who has alleged Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL") minimum wage, overtime, and liquidated damages claims. Based on the facts and conclusions set forth below, Defendants' motion for summary judgment is denied.

## I.  **Prior Proceedings**

Plaintiff filed the complaint (the "Complaint") on November 11, 2016 against the Defendants. (*See* Dkt. No. 1.) In the Complaint, Plaintiff alleges violations of the FLSA and NYLL minimum wage provisions (Counts One & Three), the FLSA and NYLL overtime provisions (Counts Two & Four), the NYLL spread of hours wage order (Count Five), the NYLL notice and recordkeeping requirements (Count Six), the NYLL wage statement provisions

(Count Seven), and the recovery of equipment costs in violation of the FLSA and NYLL (Count Eight).[1] (*See* Compl. ¶¶ 77-113.)

On November 30, 2017, Defendants Ramirez and Anjudiromi Construction moved for summary judgment. (Dkt. No. 38.) The instant motion was heard and marked fully submitted on January 3, 2018.[2]

## II. **The Facts**

The facts have been set forth in the Defendants' Statements of Material Facts, (Dkt. No. 40), and the Plaintiff's Rule 56.1 Counter-Statement, (Dkt. No. 50). The facts are not in dispute except as noted below.

Defendant Ramirez is the sole owner and operator of Anjudiromi Construction, and the Plaintiff is a former employee

---

[1]    The Plaintiff withdrew his spread of hours claim (Count Five) and recovery of equipment costs claim (Count Eight) in his opposition brief to this motion. (*See* Pl.'s Br. 4.) Accordingly, Defendants' motion for summary judgment is granted as to the Complaint's Count Five and Count Eight.

[2]    Defendants originally filed this motion, as Plaintiff has argued, (*see* Pl.'s Br. 4), without including a Rule 56.1 Statement. On December 15, 2017, Defendants sought leave to file their 56.1 Statement, which this Court granted on December 18, 2017. Accordingly, all documents are deemed timely filed.

of the business. (Ramirez Dep. 11:2-5.[3]) Anjudiromi Construction is a building maintenance company responsible for maintaining and cleaning the residential building located at 2000 Prospect Avenue, Bronx, New York, 10458 (the "Building"). (*See* Ex. B, Notice to Admit ¶ 1; Ramirez Dep. 11:11-16; Quintero Dep. 10:18-25.) Defendant Ramirez hired Plaintiff to provide maintenance services at the Building from approximately June, July, or August 2014 through May 25, 2016. (*See* Ramirez Dep. at 11:11-16 and 16:9-13; Quintero Dep. 10:18-25, 9:9 and 27:2-3; Quintero Decl. ¶ 2.) The maintenance services the Plaintiff provided to the Building included "sweep[ing], pick[ing] up the garbage, repair[ing] things in all the apartments." (*See* Quintero Dep. 10:18-25.) There are approximately 64 apartments in the Building. (*See* Quintero Decl. ¶ 2.) Plaintiff was paid at least $450 per week for the entire duration of his employment. (*See* Ramirez Dep. 36:14-23; Ramirez Dec. ¶ 9.)

---

[3]     Citations to "Ramirez Dep." refer to the deposition of Diego Ramirez dated September 25, 2017, (Ex. C, Dkt. No. 40.), and citations to "Quintero Dep." refer to the deposition of Luis Quintero's deposition, dated December 15, 2017. (Ex. D, Dkt. No. 45.)

4

## III. **The Applicable Standard**

Summary judgment is appropriate only where "there is
no genuine issue as to any material fact and . . . the moving
party is entitled to a judgment as a matter of law." Fed. R.
Civ. P. 56(c). A dispute is "genuine" if "the evidence is such
that a reasonable jury could return a verdict for the nonmoving
party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248
(1986). The relevant inquiry on application for summary judgment
is "whether the evidence presents a sufficient disagreement to
require submission to a jury or whether it is so one-sided that
one party must prevail as a matter of law." *Id.* at 251-52. A
court is not charged with weighing the evidence and determining
its truth, but with determining whether there is a genuine issue
for trial. *Westinghouse Elec. Corp. v. N.Y.C. Transit Auth.*, 735
F. Supp. 1205, 1212 (S.D.N.Y. 1990) (quoting *Anderson*, 477 U.S.
at 249). "The moving party is 'entitled to a judgment as a
matter of law' because the nonmoving party has failed to make a
sufficient showing on an essential element of her case with
respect to which she has the burden of proof." *Celotex Corp. v.
Catrett*, 477 U.S. 317, 323 (1986). "[T]he mere existence of some
alleged factual dispute between the parties will not defeat an
otherwise properly supported motion for summary judgment; the

5

requirement is that there be no *genuine issue of material fact.*"
*Anderson*, 477 U.S. at 247-48 (emphasis in original).

## IV. **The Defendants' Motion for Summary Judgment is Denied**

a. The FLSA Claims (Counts One & Two)

Plaintiff alleges that the FLSA applies to Defendants, and that they violated the statute's minimum wage and overtime provisions. Defendants argue that they should be granted summary judgment on all of Plaintiff's FLSA claims because the statute's provisions do not apply to them. Specifically, the Defendants argue that they did not engage in, or direct the Plaintiff to engage in, interstate commerce as defined by the FLSA.

To establish liability under the FLSA, Plaintiff bears the burden of demonstrating that Defendants were employers pursuant to the statute, and that they were engaged in interstate commerce. *See* 29 U.S.C. §§ 203, 206, 207; *see also Herman v. RSR Sec. Servs. Ltd.*, 172 F.3d 132, 139 (2d Cir. 1999) (citing 29 U.S.C. § 203(d) (1994)) ("To be held liable under the FLSA, a person must be an 'employer,' which [29 U.S.C. § 203(d)] of the statute defines broadly as 'any person acting directly or indirectly in the interest of an employer in relation to an

6

employee.'"). Defendants concede that they are employers for
purposes of this motion.

An employer is deemed to be engaged in interstate
commerce for purposes of the FLSA if either individual coverage
("Individual Coverage") or enterprise coverage ("Enterprise
Coverage") is present. *See Jacobs v. New York Foundling Hosp.*,
577 F.3d 93, 96 (2d Cir. 2009). The parties do not dispute that
Individual Coverage does not apply here. Enterprise Coverage
applies "only to employees who are . . . employed in an
enterprise engaged in interstate commerce or in the production
of goods for interstate commerce.'" *Rodriguez*, 784 F. Supp. 2d
at 120 (citing *Shim v. Millennium Grp.*, No. 08-CV-4022, 2009 WL
211367, at *2 (E.D.N.Y. Jan. 28, 2009)). "An entity constitutes
an enterprise where 'the related activities performed (either
through unified operation or common control) by any person or
persons [are] for a common business purpose.'" *Id.* at 121
(citing 29 U.S.C. § 203(r)) (alteration in original). As
relevant here, even "local business activities fall within the
reach of the FLSA when an enterprise employs workers who handle
goods or materials that have moved or been produced in
interstate commerce." *Archie v. Grand Cent. P'ship, Inc.*, 997 F.
Supp. 504, 530 (S.D.N.Y. 1998); *see also Boekemeier v. Fourth
Universality Soc'y*, 86 F. Supp. 2d 280, 285 (S.D.N.Y. 2000)

7

("Plaintiff's handling of janitorial goods that have moved in commerce is more than sufficient to invoke enterprise coverage"); *Archie*, 997 F. Supp. At 530 (concluding that bags, brooms, shovels, and pails used by sanitation workers "undoubtedly moved in interstate commerce to New York City"); *Rodriguez*, 784 F. Supp. 2d at 121 (citing *Locke v. St. Augustine's Episcopal Church*, 690 F. Supp. 2d 77, 88 (E.D.N.Y. March 3, 2010) ("The test is met if Plaintiffs merely handled supplies or equipment that originated out-of-state").

Here, the parties do not dispute that the Plaintiff's duties included "sweep[ing], pick[ing] up the garbage, repair[ing] things in all the apartments." (*See* Quintero Dep. 10:18-25.) Likewise, the parties do not dispute that the Plaintiff used supplies and tools to carry out these duties, and that these tools more likely than not traveled within interstate commerce. Accordingly, the Plaintiff has established that the first prong of Enterprise Coverage applies to the Defendants.

Next, for Enterprise Coverage to apply, "the enterprise must also have no less than $500,000 in annual gross volume of business done." *Rodriguez*, 784 F. Supp. 2d at 121 (citing 29 U.S.C. § 203(s)(1)(A)); *see also Jia Hu Qian v. Siew Foong Hui*, No. 11 Civ. 5584 (CM), 2013 WL 3009389, at *3

8

(S.D.N.Y. June 14, 2013) (citing *Monterossa v. Martinez Rest. Corp.*, 2012 WL 38902121, at *3 (S.D.N.Y. Sept. 7, 2012)) ("In regards to the FLSA threshold specifically, . . . it [is] clear that 'in order to survive summary judgment, Plaintiff need not prove that the Restaurant had gross income of more than $500,000; that would be their burden at trial. Plaintiff need only show that there is a material dispute of fact regarding the issue.'").

Here, the Defendants have produced and submitted only a freestanding summary of annual revenue in support of their contention that Anjudiromi Construction's annual gross volume of sales was under $500,000. (*See* Ex. E, Gross Income Statements.) These are unsigned and unaccompanied by a tax preparer's affidavit. (*See id.*) Plaintiff argues that these self-serving summaries alone, unsupported by tax returns or any other more formal documents, "cannot be trusted as a reliable and accurate source." (*See* Pl.'s Br. 5.) Further, Plaintiff alleges that the sheer fact that Anjudiromi Construction serves six locations, each with five or six floors, raises a genuine question that its annual gross income exceeds $500,000. (*See id.* 5-6.)

"[I]n determining whether the $500,000 threshold is met, '[t]here is substantial precedent suggesting that tax returns are not dispositive and the veracity of those documents can be questioned by a Plaintiff [and likewise] substantial precedent suggesting that factors other than tax returns are relevant." *Xiao Dong Fu v. Red Rose Nail Salon Inc.*, No. 15 Civ. 7465 (KPF), 2017 WL 985893, at *7 (S.D.N.Y. March 13, 2017); *Qian*, 2013 WL 3009389, at *3; *accord Shu Lan Chen*, No. 15-CV-2520 (JPO), 2015 WL 3473510, at *3 ("[S]everal courts in this circuit considering businesses' tax returns at the summary judgment stage have expressed skepticism about their reliability, especially where the returns are unauthenticated or where they conflict with other evidence"); *Monterossa*, 2012 WL 3890212, at *4 ("[T]here is good reason to be cautious in relying on Defendants' tax returns because . . . the submitted returns are unsigned and unaccompanied by a statement or affidavit of the tax preparer.").

The failure of Defendants to submit more reliable documentation to the effect that Anjudiromi Construction's annual income exceeded $500,000 suggests that there are disputed issues concerning the completeness, and perhaps the veracity, of Defendants' financial data. Accordingly, because there is a genuine issue of material fact as to whether the FLSA applies to

10

Defendants under an Enterprise Coverage theory, Defendants'
motion for summary judgment as to the FLSA claims is denied.

### i. The NYLL Claims

"Under 28 U.S.C. § 1367(a), federal courts have
supplemental jurisdiction to hear state law claims that are so
related to federal question claims brought in the same action as
to 'form part of the same case or controversy under Article III
of the United States Constitution.'" *Briarpatch Ltd., L.P. v.
Phoenix Pictures, Inc.*, 373 F.3d 296, 308 (2d Cir. 2004) (citing
28 U.S.C. § 1367(a) (1990)). "A state law claim forms part of
the same case or controversy if it and the federal claim 'derive
from a common nucleus of operative fact.'" *Id.* (quoting *City of
Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 165 (1997))
(internal citation omitted); *see also United Mine Workers of Am.
v. Gibbs*, 383 U.S. 715, 725 (1966) (emphasis in original)
("[I]f, considered without regard to their federal or state
character, a plaintiff's claims are such that he would
ordinarily be expected to try them all in one judicial
proceeding, then, assuming substantiality of the federal issues,
there is *power* in federal courts to hear the whole.")

Here, the NYLL claims unquestionably derive from a common nucleus of operative fact in that they, like the abovementioned FLSA claims, deal with the Plaintiff's wages, hours, and other payments from the Defendants accruing during the Plaintiff's employment. As such, this Court exercises its discretion to adjudicate the state law claims as a matter of judicial economy.

### ii. **Minimum Wage & Overtime Claims (Counts Three & Four)**

Defendants argue that they are entitled to summary judgment on Plaintiff's claims for minimum wage and overtime payments because Plaintiff was employed by the Defendants as a live-in janitor, and is therefore exempt from these provisions of the NYLL. Plaintiff argues that Defendants may not assert the janitor exemption ("Janitor Exemption") because this is an affirmative defense that was not asserted in their answer, and that even on the merits, the Janitor Exemption does not apply.

"The New York Labor Law is a remedial statute designed to combat and eliminate employment 'at wages insufficient to provide adequate maintenance for [the employees] and their families.'" *Koljenovic v. Marx*, 999 F. Supp. 2d 396, 399 (E.D.N.Y. 2014) (citing N.Y. Lab. Law 650). The New York

Department of Labor ("DOL") has promulgated regulations that "generally require employers to pay overtime wages for all hours worked in excess of forty hours per week, [except for] janitor[s] in a residential building." *Id.* (citing *Severin v. Project Ohr, Inc.*, No. 10-cv-9696, 2012 WL 2357410, at \*6 (S.D.N.Y. June 20, 2012); 2 N.Y. Comp. Codes R. & Regs. Tit. 12 ("N.Y.C.R.R."), §§ 141 *et seq.* ("Minimum Wage Order"). Defendants bear the burden of demonstrating that this exemption applies. *Id.*

The Minimum Wage Order defines a "janitor in a residential building" as follows:

> A *janitor* is a person employed to render any physical service in connection with the maintenance, care or operation of a residential building. Where there is only one employee, such employee shall be deemed the janitor. Where there is more than one employee in the building, the employer shall designate an employee who lives in the building as the janitor. No building may have more than one janitor.

12 N.Y.C.R.R. § 141-3.4. As set forth below, the undisputed facts establish that a reasonable jury could find that Plaintiff does not qualify as an exempt janitor in a residential building.

Following the inquiry as set out above, first, there is no dispute that the Plaintiff provided "physical service[s] in connection with the maintenance, care or operation of a

13

residential building." *See id.* In outlining his work duties, the Plaintiff said he was tasked with "sweep[ing], pick[ing] up the garbage, repair[ing] things in all the apartments," including as to the "kitchen, flooring, painting." (*See* Quintero Dep. 10:18-24.) Next, the question is whether there were any other employees working at the Building. If not, then Plaintiff "shall be deemed the janitor." 12 N.Y.C.R.R. § 141-3.4. The Plaintiff states that the Defendant had other employees. (*See* Quintero Decl. 5) ("For large repair jobs, I worked with other workers employed by Diego Ramirez"). Similarly, Defendant Ramirez states affirmatively that there were other workers providing maintenance services at the Building. (*See* Ramirez Dep. 13:6-9) ("Q. Are there currently any other workers that are providing maintenance service at 2000 Prospect that work for JAM Maintenance? A. Yes, sir.").

Accordingly, for the Plaintiff to be considered the janitor for purposes of the Janitor Exemption, "the employer shall designate an employee who lives in the building as the janitor." 12 N.Y.C.R.R. § 141-3.4. Courts have developed a multi-factor test to assist in determining whether an employee is the designated janitor of a unit. The multi-factor test includes:

14

(i) whether Plaintiff was the only employee who lived
in the building; (ii) the manner in which Plaintiff
and other employees were compensated; (iii) whether
Plaintiff was listed as a 'janitor' or
'superintendent' in the employer's official business
records; (iv) whether Plaintiff received written
notice that he would be compensated as a building
janitor; and (v) whether Plaintiff or his employer
represented to third parties that Plaintiff was the
'janitor' or 'superintendent.'

*Almonte*, 2015 WL 7460019, at *5. As to the first factor, "[w]hen
a plaintiff is the only employee living in the building where he
works, that factor tips heavily in favor of a finding that the
plaintiff is the janitor for the building." *Id.*, at *6. Here,
the Plaintiff lived at the Building. (*See* Pl.'s 56.1 at 6.)
Moreover, no facts have been presented by either party
establishing that other employees lived at the Building.
Accordingly, this factor tips in favor of finding the Plaintiff
as janitor.

Second, "[i]n cases where a plaintiff has been
compensated with a flat weekly salary and other building
employees have been compensated with an hourly wage, there will
be good reason to believe that the employer has made a pre-
litigation choice to treat the plaintiff as the janitor." *Id.*,
at *7; *see also Koljenovic*, 999 F. Supp. 2d at 400 (noting that
the plaintiffs were "compensated consistent with the regulations
for resident janitors, as they were provided with a flat salary,

15

a rent-free apartment, and free utilities."). Here, Plaintiff was paid a flat, weekly salary (although the exact amount paid is in dispute). (*See* Quintero Dep. 18:19-21). However, even though it is clear that Plaintiff resided at the Building, there is no evidence as to whether the apartment and utilities were provided free of charge. Similarly, there is no evidence as to how other employees were compensated. Despite this lack of evidence, this factor tips slightly in favor of finding the Plaintiff as janitor.

A third factor is "whether the employee was listed as the 'janitor' or 'superintendent' in the employer's business records." *Almonte*, 2015 WL 7460019, at *8. State regulations require that all building service employers "establish, maintain and preserve for not less than six years, payroll records which shall show for each employee: [i] name and address; [ii] apartment number if allowance for apartment is claimed; [iii] social security number; [iv] occupational classification (resident janitor, nonresidential janitor, 'all other' workers) and wage rate; [and] [v] for janitors in residential buildings: (i) number of units in building[.]" *Id.* (citing 12 N.Y.C.R.R. § 141-2.1.) The parties have not identified or produced any evidence listing Quintero as "janitor" or "superintendent" in the Building's official records. Therefore, this factor weighs

against a janitor finding. *See id.* ("[A] failure to maintain business records indicating the title and method of compensation for each employee will militate against a finding that an employer designated a particular individual as the janitor.").

Fourth, state regulations provide that "all building service employers 'shall furnish to each employee a statement with every payment of wages, listing hours worked, rates paid, gross wages, allowances, if any, claimed as part of the minimum wage, deductions and net wages. In the case of janitors, the number of units shall be recorded in the place of hours worked.'" *Id.* Defendants have not admitted any evidence suggesting that they provided Quintero with a written notice about his compensation. As such, this factor weighs against finding Plaintiff as a janitor.

Finally, "[i]f an employer [or worker] in the building service industry tells a third party (such as a tenant or a vendor) that one particular employee is the 'janitor' or 'superintendent' of a building, that may be evidence that the employer made a pre-litigation choice to treat the employee as the janitor." There is no evidence that Plaintiff referred to himself in these terms. In fact, when tenants referred to the Plaintiff as the superintendent, Ramirez would correct them and

17

explain that Ramirez is the superintendent. (*See* Quintero Decl.
¶ 8.)

In sum, Defendants are not entitled to summary
judgment on Plaintiff's overtime and minimum wage claims under
the NYLL, because a reasonable jury could give great weight to
the findings that lean in favor of deeming the Plaintiff not a
janitor.

### iii. **Notice and Recordkeeping & Wage Statement Claims**
### **(Counts Six & Seven)**

Plaintiff claims that Defendants violated Sections
195(1) and 195(3) of the NYLL by failing to provide the
Plaintiff with a written notice listing information related to
his wages, and with a statement of wages with each payment of
wages, respectively. In response, Defendants attempt to assert
an affirmative defense that Plaintiff was paid above the minimum
wage for janitors.

Pursuant to Section 195(1) of the NYLL, "at the time
of hiring, employers [must] provide their employees a written
notice with the following information: (1) the rate or rates of
pay and basis thereof; (2) allowances, if any, claimed as part

18

of the minimum wage, including tip, meal, or lodging allowances;
(3) the regular pay day designated by the employer; (4) the
employer's name; (5) any 'doing business as' names used by the
employer; (6) the physical address of the employer's main office
or principal place of business, and a mailing address if
different; (7) the employer's telephone number; and (8) such
other information as the commissioner deems material and
necessary." *Salinas v. Starjem Rest. Corp.*, 123 F. Supp. 3d 442,
465 (S.D.N.Y. 2015) (citing N.Y. Lab. Law § 195(1)(a))
(footnotes omitted). "The employer is required to obtain from
its employees a signed and dated written acknowledgement of
receipt of such notice, in English and in the employee's primary
language, each time the notice is given, and must maintain these
receipts for six years." *Hernandez v. Jrpac Inc.*, No. 14 Civ.
4176 (PAE), 2016 WL 3248493, at *29 (S.D.N.Y. June 9, 2016). "An
employee who does not receive a wage notice within 10 business
days of his first day of employment is entitled to recover $50
for each week of work that the violations occurred, up to a
maximum of $2,500." *Id.* (citing N.Y. Lab. Law § 198(1-b) (eff.
Apr. 9, 2011 to Feb. 27, 2015) (internal citation omitted).

        Moreover, pursuant to Section 195(3) of the NYLL,
employers shall "furnish each employee with a statement with
every payment of wages, listing the following: the dates of work

19

covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wages; and net wages." (*See* N.Y. Lab. Law § 195(3).)

However, "it shall be an affirmative defense that (i) the employer made complete and timely payment of all wages due pursuant to this article . . . to the employee who was not provided notice . . . or (ii) the employer reasonably believed in good faith that it was not required to provide the employee with notice." N.Y. Lab. Law § 198(1-b). The Minimum Wage Order provides that a resident janitor is paid lawfully if he earns at least $340.25 per week on and after December 31, 2013; $372.15 per week on and after December 31, 2014; and $382.80 per week on and after December 31, 2015. (*See* 12 N.Y.C.R.R. § 141-2.8(c)-(e).)

The parties do not dispute that the Plaintiff was paid at least $450 per week while employed by the Defendants, above the minimum wage for janitors, as listed above. (*See* Quintero Dep. 19:8-9; Ramirez Dep. 25:13-15.) Moreover, the Plaintiff has not submitted evidence suggesting that his weekly wage payments

20

were not timely paid to him. However, as outlined *supra*, it is arguable whether the Plaintiff constitutes a janitor for purposes of this motion. Accordingly, the Defendants have not established this affirmative defense. Likewise, the Defendants have submitted no evidence to the effect that they reasonably believed in good faith that they did not need to provide the Plaintiff with the relevant notices. As such, the Defendants' motion for summary judgment as to these claims is similarly denied.

## V. Conclusion

For the foregoing reasons, Defendants' motion for summary judgment is denied.

It is so ordered.

New York, NY
February , 2018

ROBERT W. SWEET
U.S.D.J.

21